Reese, J,
delivered the opinion of the court.
The question in the case before us is, whether the felony enacted by the 52d section of the act of 1829, ch. 23, is made out and established in proof by showing a constructive assault pr assault in law by besetting the house of another1? T.h,e sp.ctipn. enacts that whoever shall feloniously and with malice aforethought assault any person with intent to commit murder in the first degree, áse. The two consecutive sections, 53 and 54, create felonies for an assault upon the person with no other intent but to commit rape and robbery. As the principal felony in all these cases consists in actual yiolence and wrong done to the pprson, so the secondary of-fence enacted by the statute requires in each instance an actual and personal assault coupled with the felonious intent. The besetting the house of another is an assault in contradistinction to an actual assault, and when done with a felonious purpose merits severe punishment, but it is not the character of assault intended by the 52d section of the act of 1829. The circuit court held the law to be contrary to this opinion; fye therefore reverse the judgment and award a new trial,